**Era Jo HAWKINS, Individually and as Next Friend of Marilyn Georgette Hawkins, Appellant,**

v.

**M.B. ANDERSON, Individually and d/b/a M.B. Anderson and Associates and Willie Zachary, Appellee.**

No. 05–82–01154–CV.

Court of Appeals of Texas, Dallas.

May 10, 1984.

Bruce Auld, Hurst, for appellant.

Fred J. Finch, Jr., Forrest R. Carlton, Dallas, for appellee.

Before CARVER, SPARLING and WHITHAM, JJ.

SPARLING, Justice.

Appellant Hawkins appeals an order dismissing this case for lack of jurisdiction over the subject matter. Appellant contends that she properly pleaded a cause of action within the court's jurisdiction and, alternatively, that the court erred by overruling her motions for new trial and for leave to amend her petition. We agree and reverse.

Alleging negligence, appellant filed in the county court at law an original petition seeking $4,750 in damages for personal injuries. In a pleading entitled "First Supplemental Petition," appellant incorporated by reference the allegations of her original

petition, added a deceptive trade practice claim, and prayed for treble damages. The court dismissed the case on the ground that the amount in controversy exceeded $5,000, the statutory jurisdictional maximum for a county court at law. TEX.REV.CIV.STAT. ANN. art. 1970a (Vernon Supp.1984).

Although appellant labeled her subsequent pleading a "supplemental" petition, the deceptive trade practice claim was not pleaded in reply to any allegations in the defendant's answer but rather as a new theory of recovery. *See* TEX.R.CIV.P. 62, 80. Consequently, this additional claim properly could have been pleaded only by an amended pleading superseding the original petition. However, a misnomer of a pleading does not change its nature; the legal effect of a pleading is not determined by its style but by its allegations and evident purpose. *St. Louis Southwestern Railway Co. v. Duke*, 424 S.W.2d 896, 899 (Tex.1967); *Transceiver Corp. v. Ring Around Products, Inc.*, 581 S.W.2d 712, 714 (Tex.Civ.App.—Dallas 1979, no writ). Accordingly, we treat the "supplemental petition" as an amended petition alleging a new ground of recovery. TEX.R.CIV.P. 71.

Appellant did not re-allege the elements of negligence in her amended petition, but she did, however, "incorporate by reference Plaintiff's ... Original Petition for all purposes, the same as if fully set forth at length." Later, in her amended petition, appellant alleged actual damages "as described in paragraphs XII, XIII and XIV herein, as well as those described in paragraphs V and VI of Plaintiff's ... Original Petition." There was no other reference in the amended pleading to the amount of damages sought, other than that they should be trebled, as mentioned.

Appellant concedes that if the $4,750.00 alleged in her original petition is trebled, the deceptive trade practice cause of action exceeds the jurisdictional limit of the county court and, thus, that the cause of action properly was dismissed. She argues, however, that the court erred by also dismissing the negligence claim. Converse-

ly, appellee argues that incorporation by reference is prohibited by law and, thus, that the allegations of negligence in appellant's original petition were never properly part of the amended petition. Therefore, an allegation of a deceptive trade practice exceeding the jurisdictional amount of the court warranted dismissal of the entire case. We hold that, absent a special exception pointing out the defect, the negligence claim was a viable part of the amended petition and should have been left pending despite a dismissal of the deceptive trade practice claim.

Appellee's argument is based upon the premises that plaintiff's petition shall be contained in one instrument in writing, TEX.R.CIV.P. 46; that an amended petition supersedes any prior petition, TEX.R. CIV.P. 64, 65; and that a party may not adopt by reference in an amended pleading a statement from a prior pleading, TEX.R. CIV.P. 58. Thus, appellee reasons, the adoption of the original petition by reference into the amended petition was improper and void, rendering the deceptive trade practice claim the only cause of action pending at the time of dismissal.

We agree that the adoption by reference was improper. TEX.R.CIV.P. 58. We cannot agree that it was void. *See Miller & Miller Auctioneers, Inc. v. Hillcrest State Bank of University Park*, 430 S.W.2d 61 (Tex.Civ.App.—Dallas 1968, no writ). Rule 90 states, in part, that "[e]very defect, omission or fault in a pleading either in form or of substance, which is not specifically pointed out by exception in writing ... shall be deemed to have been waived...." We thus hold that the incorporation by reference in the amended pleading was a defect in form for which appellee's remedy was a special exception. We further hold that appellee's oral motion to dismiss was insufficient to comply with Rules 90 and 91 and case law which require that a special exception be specific and in writing, followed by an opportunity for appellant to amend. The failure to follow this procedure before dismissal is the equivalent of sustaining a general demur-

rer—prohibited by Rule 90. *Jud v. City of San Antonio,* 143 Tex. 303, 184 S.W.2d 821 (1945); *Rawlings v. Angelo State University,* 648 S.W.2d 430 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Powers v. Julius O. Smith & Associates,* 627 S.W.2d 811 (Tex. App.—Waco 1982, writ ref'd n.r.e.); *Farrar v. Farrar,* 620 S.W.2d 801 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

■ Since the court improperly disregarded the incorporation by reference of the negligence cause, both negligence and deceptive trade practice were before the court. The damages sought in the negligence cause of action were within the court's jurisdiction, but the deceptive trade practice's damages were an amount in excess of the court's jurisdictional limits; thus, it was proper to retain one cause of action while dismissing the other. *See Elkins v. Auto Recovery Bureau,* 649 S.W.2d 73 (Tex.App.—Dallas 1982, writ ref'd n.r. e.); *Isbell v. Kenyon Warner Dredging Co.,* 113 Tex. 528, 261 S.W. 762 (1924).

If, from the face of the petition, the damages exceed the jurisdictional limit of a court, a plea to the jurisdiction, rather than a special exception, is appropriate. Therefore, the court properly dismissed the deceptive trade practice claim. *Elkins,* 649 S.W.2d at 75; *Northrup v. O'Brien,* 474 S.W.2d 614, 617 (Tex.Civ.App.—Dallas 1971, no writ); *Gottschalk v. Gottschalk,* 212 S.W.2d 223, 225 (Tex.Civ.App.—Austin 1948, no writ), but improperly dismissed the entire suit. Accordingly, we affirm the dismissal of the deceptive trade practice claim and reverse and remand the negligence claim.