**SEARS, ROEBUCK & COMPANY, Appellant,**

v.

**BIG BEND MOTOR INN, INC., Appellee.**

**No. 2–90–244–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 30, 1991.

Rehearing Overruled Dec. 4, 1991.

Jearl Walker, Fort Worth, for appellant.

Fielding, Barrett & Taylor and Tim G. Sralla, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

Sears, Roebuck & Company appeals from a judgment entered in Tarrant County Court at Law No. 2 in favor of Big Bend Motor Inn, Inc. Sears raises two points of error, both relating to the trial court's failure to dismiss for want of jurisdiction: (1) the trial court erred in failing to dismiss because Big Bend did not allege jurisdiction in its petition; and (2) the amount in controversy exceeded the jurisdictional amount of

the County Court at Law. *See* TEX.GOV'T CODE ANN. § 25.2222(b)(1) (Vernon Supp. 1991).

We overrule both points of error because Big Bend's petition sufficiently alleged jurisdiction, which was also proven at trial, and the amount in controversy did not exceed the jurisdictional amount.

Big Bend filed suit against Sears alleging breach of warranty, violations of the Deceptive Trade Practices–Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.41, *et seq.,* (Vernon 1987 & Supp.1991), fraud, and negligence arising from a contract whereby Big Bend purchased thirty-four air conditioning units from Sears for $26,172.45. Big Bend never pled the specific dollar amount of recovery it sought, but merely alleged that it was damaged "in an amount in excess of the minimum jurisdictional limits of this court." Big Bend sought to have the transaction rescinded and all monies paid by it refunded. In addition, Big Bend requested that the court award additional statutory damages or exemplary damages. Big Bend also requested, in the alternative, the difference in market value of the property as warranted and the property actually received, or the amount necessary to repair the units and lost revenue.

In answering the question of whether the amount in controversy exceeded the jurisdictional amount, we address two issues which have not been directly addressed in previous decisions. One issue involves the atypical language of the Tarrant County Courts at Law jurisdictional statute[1]—no other county courts at law statute in Texas excludes mandatory damages from its jurisdictional amount.[2] The second issue is the inclusion of treble damages in the amount in controversy since the amendment of the DTPA making treble damages discretionary.

The heart of Sears' argument for exceeding the jurisdictional amount is that Big Bend requested attorney's fees and treble damages under the DTPA, which would take the damages beyond the $50,000 jurisdictional limit. *See* TEX.GOV'T CODE ANN. § 25.2222(b)(1) (Vernon Supp.1991). The jurisdictional statute for the Tarrant County Courts at Law specifically excludes attorney's fees in calculating the amount in controversy. *Id.* Therefore, we will limit our discussion to the issue of treble damages.

Since the DTPA treble damages award provision was amended in 1979,[3] no cases have directly addressed the issue of whether treble damages should be included when calculating the amount in controversy for the purpose of jurisdiction. Before 1979, the award of treble damages in a DTPA action was mandatory.[4] *See Pennington v. Singleton,* 606 S.W.2d 682, 691 (Tex. 1980); *Mytel Int'l, Inc. v. Turbo Refrigerating Co.,* 689 S.W.2d 315, 319 (Tex.App.— Fort Worth 1985, no writ). Therefore, the treble damages amount was included in the amount in controversy. *Allright, Inc. v. Guy,* 590 S.W.2d 734, 735 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.). *See also Long v. Fox,* 625 S.W.2d 376, 378– 79 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.) (agreeing with holding in *Allright* but never stating effective date of statute). However, Big Bend asserts that neither *Allright* nor *Long* is applicable to the present case because the Tarrant County

---

1. The Tarrant County Courts at Law jurisdictional statute provides in part that "A county court at law has concurrent jurisdiction with the district court in: (1) civil cases in which the matter in controversy exceeds $500 and does not exceed $50,000, excluding mandatory damages and penalties, attorney's fees, interest, and costs...." (emphasis added). TEX.GOV'T CODE ANN. § 25.2222(b)(1) (Vernon Supp. 1991).

2. *See, e.g.,* TEX.GOV'T CODE ANN. § 25.0172 (Vernon Supp.1991) (Bexar County excludes interest); TEX.GOV'T CODE ANN. § 25.0592 (Ver-

non Supp.1991) (Dallas County excludes interest, statutory damages and penalties); TEX. GOV'T CODE ANN. § 25.1032 (Vernon Supp. 1991) (Harris County excludes interest, statutory or punitive damages and penalties).

3. Act of May 21, 1973, 63d Leg., R.S., ch. 143, § 1, 1973 Tex.Gen.Laws 322, 327, *amended by* Act of June 13, 1979, 66th Leg., R.S., ch. 603, § 4, 1979 Tex.Gen.Laws 1327, 1330.

4. Act of May 21, 1973, 63d Leg., R.S., ch. 143, § 1, 1973 Tex.Gen.Laws 322, 327.

Courts at Law statute excludes mandatory damages from its jurisdictional amount. TEX.GOV'T CODE ANN. § 25.2222 (Vernon Supp.1991). In addition, commentators also suggest that *Allright* and *Long* are outdated due to the present non-mandatory nature of the treble damages. *See* BRAGG, MAXWELL & LONGLEY, TEXAS CONSUMER LITIGATION § 2.10 (2d ed. 1983). For cases governed by the 1979 amendment, as we are in this case, only a portion of the damages is automatically trebled; thus, a plaintiff would only use this amount in calculating the amount in controversy. *Id.*

However, a more recent decision has affirmed the dismissal of a DTPA claim due to the treble damages exceeding the jurisdictional amount. *See Hawkins v. Anderson*, 672 S.W.2d 293 (Tex.App.—Dallas 1984, no writ). In *Hawkins*, plaintiff filed its original petition in the county court at law alleging negligence. *Id.* at 294. Plaintiff later filed a "First Supplemental Petition" which incorporated her original petition and added a DTPA claim, requesting treble damages. *Id.* at 294–95. The trial court dismissed the case on the ground that the amount in controversy exceeded the maximum jurisdictional amount. *Id.* at 295. On appeal, plaintiff conceded that the amount alleged in her petition, if trebled, would exceed the jurisdictional amount of the court and maintained only that the court erred in dismissing the negligence claim. *Id.* The court of appeals agreed and remanded the negligence claim without discussing the dismissal of the DTPA claim or which version of the DTPA was applicable. *Id.* at 296. Therefore, *Hawkins*, as well as *Allright* and *Long*, due to the mandatory nature of the treble damages, are of little help in the disposition of this case.

■ We need to address the language of the Tarrant County Courts at Law statute. *See* TEX.GOV'T CODE ANN. § 25.2222 (Vernon Supp.1991). The legislature chose to exclude "mandatory damages and penalties, attorney's fees, interest, and costs ..." from the jurisdictional amount. It is the word "mandatory" which presents a dilemma. "Mandatory" may modify "damages" and "penalties," or only "damages." Thus, the statute may be interpreted as having excluded "mandatory penalties" or as excluding all penalties. This court takes the position that "mandatory" only modifies "damages" and, therefore, the statute excludes all penalties from the amount in controversy. In this regard, we think the disposition of this case is most appropriately controlled by an examination of the nature of treble damages.

■ The treble damages provision, after the 1979 amendment, provides that the award of treble damages is purely discretionary with the finder of fact and is allowed only if the DTPA violation was committed knowingly. *See* Act of June 13, 1979, 66th Leg., R.S., ch. 603, § 4, 1979 Tex.Gen.Laws 1327, 1330. *See also Martin v. McKee Realtors, Inc.*, 663 S.W.2d 446, 448 (Tex.1984); *Pena v. Ludwig*, 766 S.W.2d 298, 301 (Tex.App.—Waco 1989, no writ). The legislature initially provided the treble damages remedy so that consumers could discourage, and hopefully deter, deceptive practices in consumer transactions. *Pennington*, 606 S.W.2d at 690–91; *Woods v. Littleton*, 554 S.W.2d 662, 670 (Tex. 1977). Because the mandatory trebling of damages was harsh, the legislature amended the statute to consider the culpability of the defendant's conduct and provided mandatory trebling only for knowing violations. *Pennington*, 606 S.W.2d at 691. Therefore, the award of treble damages is clearly punitive in nature. *First Nat'l Bank of Kerrville v. Hackworth*, 673 S.W.2d 218, 220 (Tex.App.—San Antonio 1984, no writ). *See also Singleton v. Pennington*, 568 S.W.2d 367, 376 (Tex.Civ.App.—Dallas 1977), *rev'd on other grounds*, 606 S.W.2d 682 (Tex.1980). Moreover, the issue of treble damages is submitted to the jury, and was likewise in this case, as an issue whereby the jury decides an amount to award the plaintiff "as a penalty or by way of punishment." *See* BRAGG, MAXWELL & LONGLEY, TEXAS CONSUMER LITIGATION § 10.17 (2d ed. 1983). Therefore, since treble damages are punitive in nature, such damages are properly excluded from the amount in controversy under the

Tarrant County Courts at Law statute as a penalty. *See* TEX.GOV'T CODE ANN. § 25.2222 (Vernon Supp.1991).

■ Sears also asserts that the trial court had no jurisdiction because Big Bend did not allege jurisdiction in its petition. Sears states that Big Bend did not allege that the damages sought were within the maximum jurisdictional limit of the trial court. However, as Big Bend correctly points out, at the time of the filing of this lawsuit, Rule 47(b) of the Texas Rules of Civil Procedure "precluded a party, except by response to a special exception, from pleading unliquidated damages in a specific amount." [5] *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex.1986); TEX.R.CIV.P. 47(b). *See also Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex.1990) (Hecht, J. concurring).

■ Moreover, we should note that a plaintiff may proceed to trial, no matter how defective its allegations may be, unless the defendant specially excepts. *City of Mesquite v. Moore*, 800 S.W.2d 617, 621 (Tex.App.—Dallas 1990, n.w.h.), *citing Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 805 (Tex.1989). If the defendant fails to object or to make a motion, the defendant waives the right to complain of such defect if the plaintiff establishes jurisdiction at trial before resting its case. *Id.* Although Sears did move to dismiss the case both before and after trial, we believe the trial court's jurisdiction was established at trial.

As previously discussed, the attorney's fees and treble damages should be excluded. Therefore, we need only look to whether Big Bend established actual damages at trial. Big Bend's attorney testified that the actual damages sought were $26,172.00. There was also testimony by Big Bend's president that the replacement value of the air conditioning units was $34,000.00. The president also testified that he believed the air conditioning units were bought at fair market value and he thought they were only worth $50.00 to $60.00 in their present condition. In addition, the president gave testimony as to the cost of repair of the air conditioning units being $800.00 to $1,000.00. A total of forty-six units were purchased. Therefore, all testimony as to the various measures of damages establishes an amount within the $50,000 jurisdictional limit of the Tarrant County Courts at Law.

Both parties cite *Peek v. Equipment Serv. Co.* in support of their respective positions. *See Peek*, 779 S.W.2d 802 (Tex. 1989). However, this case is inapplicable to the present case because *Peek* addressed the issue of a petition which failed to allege either a specific dollar amount or a statement that damages exceeded the minimum jurisdiction of the court; the present case, as mentioned previously, did allege that the damages exceeded the minimum jurisdiction of the court. *Id.* Likewise, Big Bend cites *Smith v. Texas Improvement Co.*, which also addressed the pleading situation found in *Peek*. *Smith v. Texas Improvement Co.*, 570 S.W.2d 90, 92 (Tex.Civ. App.—Dallas 1978, no writ).

Sears does, however, cite a case in which the court of appeals determined that a statement which provided that the amount in controversy "amounts to more than the minimal jurisdictional limits of this court" was not sufficient to confer jurisdiction upon the Kleberg County Court at Law. *Nix v. Nix*, 797 S.W.2d 64, 65 (Tex.App.— Corpus Christi 1990, no writ). The court furnished no authority for this proposition and the statement opposes the applicable rule of civil procedure. *See id.*; TEX. R.CIV.P. 47(b). In addition, as was previously discussed, there was ample evidence presented at trial of actual damages which established the court's jurisdiction in the instant case.

Accordingly, we overrule Sears' points of error one and two and affirm the judgment of the trial court.

---

**5.** Rule 47(b), as amended effective September 1, 1990, now provides that for claims of unliquidated damages a "statement that the damages sought are within the jurisdictional limits" is sufficient. TEX.R.CIV.P. 47(b).