Motion for Rehearing Overruled









 

Motion for Rehearing Overruled.  Opinion of July 17, 2003; Withdrawn; Affirmed
in part, Reversed and Remanded in part, and Majority and Concurring Opinions
filed November 25, 2003.




 
 
 
 
 
 
 




 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00153-CV

____________

 

MAUREEN ESPECHE, INDIVIDUALLY AND AS
NEXT FRIEND OF JONATHAN ESPECHE,
Appellant

 

V.

 

WILLIAM A. RITZELL, Appellee

 



 

On
Appeal from the 246th District Court

Harris County, Texas

Trial
Court Cause No. 98-34761

 



 

C O N C U R R I N G   O P I N I O N   O N  
R E M A N D 

O N   R E H E A R I N G









I concur in the result. 
I would, however, hold the summary judgment motion properly before the
trial court, which Ritzell filed before Jonathan was
added as a plaintiff, did not address Jonathan=s claims.  Accordingly, I would not reach the merits of Ritzell=s res judicata
defense to those claims, but, instead, would hold the trial court erred in
granting summary judgment on Jonathan=s claims because, in so doing, the
trial court was granting relief on claims not addressed in the motion.  See Chessher v.
Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983); Guest v.
Cochran, 993 S.W.2d 397, 405B06 (Tex. App.CHouston [14th Dist.] 1999, no pet.).

It is axiomatic one may not be granted judgment as a matter
of law on a cause of action not addressed in a summary judgment
proceeding.  Chessher,
658 S.W.2d at 564.  Thus, when a
plaintiff amends her pleadings to add causes of action after a defendant files
a summary judgment motion, the defendant generally must amend or supplement his
motion for summary judgment to address the additional causes.  See Brandes v.
Rice Trust, Inc., 966 S.W.2d 144, 148 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  Nevertheless, to this rule,
there is an exception: The defendant need not amend or supplement his motion if
the grounds asserted in the summary judgment motion show the plaintiff could
not recover from the defendant on the later-pleaded cause of action.  See Wilson v. Korthauer,
21 S.W.3d 573, 579 (Tex. App.CHouston [14th Dist.] 2000, pet. denied) (holding, in part,
affirmative defense of limitations extended to some of newly pleaded claims); see
also Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 437 (Tex. App.CHouston [14th Dist.] 1999, no writ)
(holding no evidence summary judgment motion proper when amended pleadings
merely reiterated same essential elements in different fashion).

Relying on the rule that the effect of a pleading is to be
determined by its allegations and evident purpose, rather than its style, the
majority reasons that Jonathan=s claims as a third party beneficiary to the contract were
included in Espeche=s original petition even though
Jonathan was not a named party in that petition.  Majority op. at 8 (citing Hawkins v.
Anderson, 672 S.W.2d 293, 295 (Tex. App.CDallas 1984, no writ)).  The majority then concludes that, because
Jonathan=s claims under the contract were
included in the original petition, Ritzell=s contention res
judicata barred the breach of contract action was
sufficient to address Jonathan=s claims under the contract. 
Majority op. at 8 (citing Farah v. Mafrige & Kormanik, P.C.,
927 S.W.2d 663, 673 (Tex. App.CHouston [1st Dist.] 1996, no writ)).








In short, to determine the sufficiency of Ritzell=s motion, the majority focuses solely
on the nature of Jonathan=s claims as set forth in Espeche=s original petition rather than
looking at Jonathan=s status as a party in relation to Ritzell=s res judicata defense.  A
summary judgment motion addressing the causes of action brought by one
plaintiff, however, does not necessarily address the same causes of action
brought by another plaintiff.  See
Guest, 993 S.W.2d at 405B06 (holding summary judgment motion addressing only causes of
action brought by plaintiff in individual capacity did not address same causes
of action brought by plaintiff in his capacity as co-executor of estate).  

The affirmative defense of res judicata requires the identity of  parties or their privies in the prior and
present lawsuits.  See Amstadt v. U.S. Brass Corp., 919 S.W.2d 644,
652 (Tex. 1996).  Therefore, in the
context of the present case, Jonathan=s status as a party was relevant to
the sufficiency of the scope of Ritzell=s summary judgment motion, based, as
it was, solely on the defense of res judicata.  Ritzell recognized as much because, after Jonathan was
added as a party, Ritzell specifically sought (but
did not obtain) the trial court=s leave to move for summary judgment against Jonathan.[1]

Thus, I would hold the trial court erred in ruling on
Jonathan=s claims.  Accordingly, 
I agree summary judgment should be reversed as to Jonathan=s claims, albeit for reasons
different from those stated in the majority opinion.

For these reasons, I respectfully concur in the result only.

 

 

/s/        John S. Anderson

Justice

 

 

Judgment rendered
and Majority and Concurring Opinions filed November 25, 2003.

Panel consists of
Justices Yates, Anderson, and Frost. 











[1]  Ritzell did not argue to this court that the motion for
summary judgment properly before the court encompassed Jonathan=s claims. 
Instead, Ritzell contended, based on a docket
entry, the trial court had granted leave to amend his summary judgment
motion.  Ritzell
implicitly admits the deficiency of his original motion with regard to Jonathan=s claims.