**Manuel GARZA, Individually and as Agent Representative of Sun City Cab Company, Appellants,**

v.

**Hugo CHAVARRIA, Appellee.**

No. 08–03–00005–CV.

Court of Appeals of Texas, El Paso.

Jan. 29, 2004.

Mario A. Gonzalez, Juarez, Gonzalez & Peters, L.L.P., El Paso, for Appellants.

Rosalio Munoz, Jr., Law Office of Rosalio Munoz, Jr., El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

Manuel Garza and Sun City Cab Company appeal from a judgment rendered against them and in favor of Hugo Chavarria. Because we conclude the lower courts lacked subject matter jurisdiction, we reverse the judgment and dismiss the case.

### PROCEDURAL BACKGROUND

Chavarria commenced this case by filing a *pro se* claim in the justice court against Manuel Garza, as owner of Sun City Cab. He alleged that he took his car to Garza at Sun City Cab to have it repaired. According to Chavarria, Garza kept the car for over two months, failed to repair it, and caused additional damage to the car. Chavarria requested a total of $2,335 in damages and $104 in court costs.

Chavarria subsequently retained counsel and filed an amended petition, naming Manuel Garza, individually and as agent representative of Sun City Cab, as defendants. The amended petition stated claims for breach of contract and for violations of the Deceptive Trade Practices Act (DTPA). Chavarria continued to seek $2,335 in actual damages. Additionally, he alleged that he was entitled to recover two times the portion of his actual damages that did not exceed $1,000 and up to three times the portion of his actual damages in excess of $1,000. Chavarria also requested reasonable and necessary attorney's fees in an unspecified amount. The justice court rendered judgment for Chavarria against both defendants, jointly and severally, in the amount of $5,000, plus $1,500 in attorney's fees.

Garza and Sun City Cab appealed to the county court at law, where a bench trial was held. After the trial was over, they filed a plea to the jurisdiction, arguing that both the justice court and the county court

at law lacked jurisdiction because the amount in controversy exceeded the jurisdictional limit of the justice court. The court denied the plea to the jurisdiction and rendered a joint-and-several judgment in favor of Chavarria for $5,000, plus $2,500 in attorney's fees. The judgment expressly states that Chavarria's recovery is based on his DTPA claim and that all relief not expressly granted in the judgment is denied.

## SUBJECT MATTER JURISDICTION

In their first issue, the appellants argue that the county court at law erred by denying their plea to the jurisdiction. In their second issue, they argue that this Court should undertake its own review of the lower courts' jurisdiction.

■■■■ Whether the trial court properly denied the plea to the jurisdiction is a pure question of law that we examine under a *de novo* standard of review. *Cornyn v. Akin*, 50 S.W.3d 735, 736–37 (Tex.App.-El Paso 2001, no pet.). A plea to the jurisdiction is used to contest the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Moreover, lack of subject matter jurisdiction arrests a cause at any stage in the proceedings; therefore, if it becomes apparent at any point during the proceedings that the trial court lacked jurisdiction, the cause must be dismissed. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.-Austin 1994, writ denied); *City of Beaumont v. West*, 484 S.W.2d 789, 791 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.).

### *The Lower Courts' Amount–in–Controversy Jurisdiction*

The Texas Constitution invests justice courts with exclusive jurisdiction over civil cases in which the amount in controversy is $200 or less, original jurisdiction over misdemeanor cases that are punishable by a fine only, "and such other jurisdiction as may be provided by law." TEX. CONST. art. V, § 19. The Legislature has given justice courts additional jurisdiction over "civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $5,000, exclusive of interest." TEX. GOV'T CODE ANN. §. 27.031(a)(1) (Vernon Supp.2004).[1]

■■■■ A party dissatisfied with a justice court's decision may appeal to the county court at law, which will try the case *de novo*. *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), 26.042(e) (Vernon Supp. 2004), § 26.171 (Vernon 1988); TEX.R. CIV. P. 574b. The appellate jurisdiction of the county court at law is confined to the jurisdictional limits of the justice court; the county court at law has no jurisdiction over an appeal unless the justice court had jurisdiction. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex.App.-Dallas 2001, no pet.); *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex.App.-Fort Worth 1996, no writ); *Color Tile, Inc. v. Ramsey*, 905 S.W.2d 620, 622 (Tex.App.-Houston [14th Dist.] 1995, no writ). This is true regardless of whether the county court at law would have had original jurisdiction over the cause if it had initially been filed in that court. *See Rice*, 51 S.W.3d at 708–09 & n. 2. Therefore, if the amount in controversy in the justice court exceeded $5,000, exclusive of interest, neither the justice court nor the county court at law had jurisdiction over this case.

■■■■ The amount in controversy is ordinarily determined by looking solely at

---

1. This statute also gives the justice courts jurisdiction over forcible detainer actions and certain mortgage foreclosure cases. *See* TEX. GOV'T CODE ANN. § 27.031(a)(2),(3).

the allegations in the petition. *Blue,* 34 S.W.3d at 555; *Brannon v. Pac. Employers Ins. Co.,* 148 Tex. 289, 294, 224 S.W.2d 466, 469 (Tex.1949). When the plaintiff's petition does not affirmatively demonstrate the absence of jurisdiction, the petition should be construed liberally in favor of jurisdiction. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996); *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). But a plaintiff may plead himself out of court by seeking a specific amount of damages that is outside of the jurisdictional limits of the court. *See Peek,* 779 S.W.2d at 804.

■■■ Once a trial court acquires jurisdiction, no later fact or event can defeat that jurisdiction. *Cont'l Coffee Prods. Co.,* 937 S.W.2d at 449; *Isbell v. Kenyon–Warner Dredging Co.,* 113 Tex. 528, 532, 261 S.W. 762, 763 (1924). Thus, if the original petition was properly brought in a particular court, and an amended petition increases the amount in controversy above the court's jurisdictional limit, the court will continue to have jurisdiction if the additional damages accrued because of the passage of time. *Cont'l Coffee Prods. Co.,* 937 S.W.2d at 449. But if an amended petition alleges a new cause of action for damages that exceed the court's jurisdictional limit, the trial court only retains jurisdiction over the original cause of action. *Isbell,* 113 Tex. at 531–32, 261 S.W. at 763; *Hawkins v. Anderson,* 672 S.W.2d 293, 296 (Tex.App.-Dallas 1984, no writ).

■■■ The justice court's jurisdiction is statutorily limited to cases "in which the amount in controversy is not more than $5,000, exclusive of interest." Tex. Gov't Code Ann. § 27.031(a)(1). Because the statute does not expressly exclude punitive damages and attorney's fees, these items should be included when calculating the amount in controversy. *See Villarreal v.*

*Elizondo,* 831 S.W.2d 474, 476 (Tex.App.-Corpus Christi 1992, no writ); *Printing Ctr. of Tex., Inc. v. Supermind Publ'g Co.,* 669 S.W.2d 779, 785 (Tex.App.-Houston [14th Dist.] 1984, no writ); *Long v. Fox,* 625 S.W.2d 376, 378 (Tex.App.-San Antonio 1981, writ ref'd n.r.e.); *Gulf & I. Ry. Co. v. Gregory,* 59 S.W. 310, 311 (Tex.Civ.App. 1900, no writ); *cf.* Tex. Gov't Code Ann. § 25.0003(c)(1) (Vernon Supp.2004) (providing that a statutory county court has jurisdiction over civil cases in which the amount in controversy exceeds $500 but does not exceed $100,000, "excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs"). Treble damages under the DTPA are punitive in nature. *Pace v. State,* 650 S.W.2d 64, 65 (Tex.1983); *Sears, Roebuck & Co. v. Big Bend Motor Inn, Inc.,* 818 S.W.2d 542, 545 (Tex.App.-Fort Worth 1991, writ denied). Accordingly, these damages are included when calculating the amount in controversy. *See Gulf & I. Ry.,* 59 S.W. at 311.

### The Amount in Controversy in This Case

■■■ In his original petition, Chavarria sought $1,305, which was the amount he paid the appellants for the repairs, $35 for towing expenses, $600 for transportation expenses, and $395 for repairing the damage caused by the appellants. This totals to $2,335 in actual damages.

■■■ In his amended petition, Chavarria continued to seek $1,305, $430 for out-of-pocket expenses, and $600 for loss of use of the vehicle. This again totals to $2,335 in actual damages. He also sought two times the portion of his actual damages that did not exceed $1,000, and up to three times the portion of his actual damages in excess of $1,000. This brings the

amount in controversy to $7,005.[2] Chavarria also requested reasonable and necessary attorney's fees in an unspecified amount. The amount in controversy thus clearly exceeded the justice court's jurisdictional limit of $5,000.[3]

Chavarria raises several arguments to support the lower courts' jurisdiction. First, he asserts that his amended petition only sought damages and attorney's fees incurred due to the passage of time. *See Cont'l Coffee Prods. Co.*, 937 S.W.2d at 449. Although Chavarria's attorney's fees undoubtedly increased as time passed, the amount in controversy under the amended petition exceeded the jurisdictional limit without considering attorney's fees. Chavarria's damages did not increase due to the passage of time. Instead, Chavarria's

amended petition continued to seek the same amount in actual damages as the original petition; the amended petition simply sought to treble those damages under the DTPA.

Second, Chavarria argues that the treble damages should not be included in calculating the amount in controversy because they are punitive. He relies on the *Sears* case for this argument. In *Sears*, the court held that because treble damages are punitive, they are excluded from the amount in controversy in the Tarrant County Courts at Law. 818 S.W.2d at 545–46. The Legislature gave these courts jurisdiction over civil cases in which the amount in controversy did not exceed $50,000, excluding mandatory damages and penalties, attorney's fees, interest, and

**2.** Chavarria cited section 17.50(b)(1) of the DTPA as authority for the multiple damages he sought. This section previously provided that a prevailing consumer could recover the amount of actual damages found by the trier of fact, two times the portion of actual damages that did not exceed $1,000, and, if the trier of fact found that the conduct of the defendant was committed knowingly, three times the amount of actual damages in excess of $1,000. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 380, § 2, 1989 Tex. Gen. Laws 1490, 1491, *amended by* Act of May 19, 1995, 74th Leg., R.S. ch. 414, § 5, 1995 Tex. Gen. Laws 2988, 2992. Under this version of the statute, the maximum amount of damages recoverable was three times the amount of actual damages. *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 241 (Tex.1985). The statute currently provides that a prevailing consumer may recover the amount of economic damages found by the trier of fact. If the trier of fact finds that the defendant's conduct was committed knowingly, the consumer may also recover mental anguish damages and not more than three times the economic damages. If the trier of fact finds that the defendant's conduct was committed intentionally, the consumer may recover mental anguish damages and not more than three times the economic and mental anguish damages. TEX. BUS. & COM.CODE ANN. § 17.50(b)(1) (Vernon 2002). This version of the statute

applies to causes of action that accrue on or after September 1, 1995. *See* Act of May 19, 1995, 74th Leg., R.S. ch. 414, § 20(a),(b), 1995 Tex. Gen. Laws 2988, 3004. Although the parties seem to agree that the previous version of the statute applies to this case, the events giving rise to this suit occurred in 1999. Therefore, the current version of the statute should apply. But because Chavarria did not seek mental anguish damages, he is entitled to the same amount of damages under either version of the statute, *i.e.*, three times his actual, economic damages.

**3.** When the plaintiff seeks an amount of damages that falls within the jurisdictional limit and also seeks reasonable attorney's fees in an unspecified amount, the court has jurisdiction. *See Whitley v. Morning*, 814 S.W.2d 537, 538 (Tex.App.-Tyler 1991, no writ) (holding that request for $4,500 in damages, plus "reasonable attorney's fees" did not exceed court's jurisdictional limit of $5,000); *see also Peek*, 779 S.W.2d at 805 ("[T]he omission of any allegation regarding the amount in controversy ... did not deprive the court of jurisdiction, but was instead a defect in pleading subject to special exception and amendment."). In this case, however, the amount in controversy exceeds the justice court's jurisdictional limit even without considering the request for attorney's fees.

costs. *Id.* at 544 n. 1. The court determined that the Legislature intended to exclude all penalties, regardless of whether they were mandatory or discretionary. *Id.* at 545. The holding in *Sears* is based on the unique language of the jurisdictional statute governing the Tarrant County Courts at Law. *See id.* at 544. Unlike that statute, the jurisdictional statute governing the justice courts does not exclude penalties, whether mandatory or discretionary, from the amount in controversy. *See* TEX. GOV'T CODE ANN. § 27.031(a)(1). Therefore, *Sears* is inapposite.

Third, Chavarria points out that El Paso County Courts at Law have original jurisdiction over civil cases in which the amount in controversy exceeds $500, but does not exceed $100,000, "excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." TEX. GOV'T CODE ANN. § 25.0003(c)(1); *see also* TEX. GOV'T CODE ANN. § 25.0732(a) (Vernon Supp.2004) (providing that, with certain exceptions, El Paso County Courts at Law have the same jurisdiction as district courts). As noted above, however, the appellate jurisdiction of a county court at law is limited to the jurisdiction of the justice court. *See Rice,* 51 S.W.3d at 708–09 & n. 2; *Crumpton,* 936 S.W.2d at 476; *Color Tile,* 905 S.W.2d at 622. Therefore, it is irrelevant that the county court at law has original jurisdiction over cases involving a greater amount in controversy and that punitive damages are excluded from the amount in controversy in suits originally brought in the county court at law. *See Rice,* 51 S.W.3d at 708–09 & n. 2 (holding that a county court at law that generally has jurisdiction to adjudicate title has no jurisdiction to do so in an appeal of a forcible detainer suit from justice court, because justice courts are expressly denied jurisdiction to adjudicate title).

■ Finally, Chavarria argues that we must presume that the pleadings in the justice court were sufficient to give that court jurisdiction. He relies on a line of cases holding that a court of appeals must presume that defects in written pleadings were supplemented and corrected by oral pleadings. *See, e.g., Dagley v. Leeth,* 106 S.W.2d 730, 731 (Tex.Civ.App.-Waco 1937, no writ); *Broderick v. Pardue,* 102 S.W.2d 252, 255 (Tex.Civ.App.-San Antonio 1936, writ dism'd). When these cases were decided, the plaintiff could rely on oral pleadings in both the justice court and on appeal to the county court. *See Broderick,* 102 S.W.2d at 255. Now, however, all pleadings must be reduced to writing once the case is appealed to the county court. TEX.R. CIV. P. 525. Chavarria's amended petition, which was filed while the case was still pending in the justice court, is the last written pleading that appears in the record. Accordingly, it is clear that there were no subsequent amendments.

## CONCLUSION

■ For the reasons stated above, we conclude that the amount in controversy in this case exceeded the jurisdictional limit of the justice court. Therefore, neither that court nor the county court at law had subject matter jurisdiction. When an appellate court concludes that a trial court lacked jurisdiction, the proper disposition is to reverse the trial court's judgment and dismiss the case. *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985); *Hill v. Heritage Res., Inc.,* 964 S.W.2d 89, 117 (Tex.App.-El Paso 1997, pet. denied). Accordingly, the judgment of the county court at law is reversed and this case is dismissed. The appellants' first two issues are sustained. Because of our disposition, we find it unnecessary to address the remaining issues.