COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 MANUEL
 GARZA, INDIVIDUALLY AND AS AGENT REPRESENTATIVE OF SUN CITY CAB COMPANY,
  
                             Appellants,
  
 v.
  
 HUGO
 CHAVARRIA,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00005-CV
  
 Appeal from the
  
 County Court at Law No. 5
  
 of El Paso County, Texas
  
 (TC#2001-J00024-5)
 
 




 

O
P I N I O N

Manuel Garza and Sun City Cab Company
appeal from a judgment rendered against them and in favor of Hugo Chavarria.  Because
we conclude the lower courts lacked subject matter jurisdiction, we reverse the
judgment and dismiss the case.

Procedural
Background

Chavarria commenced this case by filing a pro
se claim in the justice court against Manuel Garza, as owner of Sun
City Cab.  He alleged that he took his
car to Garza at Sun City Cab to have it repaired.  According to Chavarria,
Garza kept the car for over two months, failed to repair it, and caused
additional damage to the car.  Chavarria requested a total of $2,335 in damages and $104
in court costs.








Chavarria subsequently retained counsel and
filed an amended petition, naming Manuel Garza, individually and as agent
representative of Sun City Cab, as defendants. 
The amended petition stated claims for breach of contract and for
violations of the Deceptive Trade Practices Act (DTPA).  Chavarria continued
to seek $2,335 in actual damages. 
Additionally, he alleged that he was entitled to recover two times the
portion of his actual damages that did not exceed $1,000 and up to three times
the portion of his actual damages in excess of $1,000.  Chavarria also
requested reasonable and necessary attorney=s fees in an unspecified amount.  The justice court rendered judgment for Chavarria against both defendants, jointly and severally,
in the amount of $5,000, plus $1,500 in attorney=s fees.

Garza and Sun City Cab appealed to
the county court at law, where a bench trial was held.  After the trial was over, they filed a plea
to the jurisdiction, arguing that both the justice court and the county court
at law lacked jurisdiction because the amount in controversy exceeded the
jurisdictional limit of the justice court. 
The court denied the plea to the jurisdiction and rendered a
joint-and-several judgment in favor of Chavarria for
$5,000, plus $2,500 in attorney=s fees.  The judgment
expressly states that Chavarria=s recovery is based on his DTPA claim
and that all relief not expressly granted in the judgment is denied.








Subject
Matter Jurisdiction

In their first issue, the appellants
argue that the county court at law erred by denying their plea to the
jurisdiction.  In their second issue,
they argue that this Court should undertake its own review of the lower courts= jurisdiction.

Whether the trial court properly
denied the plea to the jurisdiction is a pure question of law that we examine
under a de novo standard of review. 
Cornyn v. Akin, 50 S.W.3d 735, 736-37 (Tex. App.--El Paso 2001, no
pet.).  A plea to the jurisdiction
is used to contest the trial court=s subject matter jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Moreover,
lack of subject matter jurisdiction arrests a cause at any stage in the
proceedings; therefore, if it becomes apparent at any point during the
proceedings that the trial court lacked jurisdiction, the cause must be
dismissed.  Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736,
739 (Tex. App.--Austin 1994, writ denied); City of Beaumont v. West, 484
S.W.2d 789, 791 (Tex. Civ. App.--Beaumont 1972, writ
ref=d n.r.e.).

The Lower Courts= Amount-in-Controversy Jurisdiction








The Texas Constitution invests
justice courts with exclusive jurisdiction over civil cases in which the amount
in controversy is $200 or less, original jurisdiction over misdemeanor cases
that are punishable by a fine only, Aand such other jurisdiction as may be
provided by law.@  Tex. Const. art. V, ' 19.  The Legislature has given justice courts
additional jurisdiction over Acivil matters in which exclusive jurisdiction is not in the
district or county court and in which the amount in controversy is not more
than $5,000, exclusive of interest.@ 
Tex. Gov=t Code Ann. ' 27.031(a)(1)
(Vernon Supp. 2004).[1]

A party dissatisfied with a justice
court=s decision may appeal to the county
court at law, which will try the case de novo.  See Tex.
Gov=t
Code Ann. '' 25.0003(a), 26.042(e) (Vernon Supp. 2004), ' 26.171 (Vernon 1988); Tex. R. Civ. P. 574b. 
The appellate jurisdiction of the county court at law is confined to the
jurisdictional limits of the justice court; the county court at law has no
jurisdiction over an appeal unless the justice court had jurisdiction.  Rice v. Pinney, 51 S.W.3d 705, 708 (Tex. App.--Dallas 2001, no
pet.); Crumpton v. Stevens, 936 S.W.2d
473, 476 (Tex. App.--Fort Worth 1996, no writ); Color Tile, Inc. v. Ramsey,
905 S.W.2d 620, 622 (Tex. App.--Houston [14th Dist.] 1995, no writ).  This is true regardless of whether the county
court at law would have had original jurisdiction over the cause if it had
initially been filed in that court.  See
Rice, 51 S.W.3d at 708-09 & n.2. 
Therefore, if the amount in controversy in the justice court exceeded $5,000,
exclusive of interest, neither the justice court nor the county court at law
had jurisdiction over this case.








The amount in controversy is
ordinarily determined by looking solely at the allegations in the
petition.  Blue,
34 S.W.3d at 555; Brannon v. Pac. Employers Ins. Co., 148 Tex. 289, 294,
224 S.W.2d 466, 469 (Tex. 1949). 
When the plaintiff=s petition does not affirmatively demonstrate the absence of
jurisdiction, the petition should be construed liberally in favor of
jurisdiction.  Cont=l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996); Peek v. Equip. Serv.
Co., 779 S.W.2d 802, 804 (Tex. 1989). 
But a plaintiff may plead himself out of court by seeking a specific
amount of damages that is outside of the jurisdictional limits of the
court.  See Peek, 779 S.W.2d at 804.

Once a trial court acquires
jurisdiction, no later fact or event can defeat that jurisdiction.  Cont=l Coffee Prods. Co., 937 S.W.2d at 449; Isbell v. Kenyon-Warner
Dredging Co., 113 Tex. 528, 532, 261 S.W. 762,
763 (1924).  Thus, if the original petition
was properly brought in a particular court, and an amended petition increases
the amount in controversy above the court=s jurisdictional limit, the court
will continue to have jurisdiction if the additional damages accrued because of
the passage of time.  Cont=l Coffee Prods. Co., 937 S.W.2d at 449.  But if an amended petition alleges a new
cause of action for damages that exceed the court=s jurisdictional limit, the trial
court only retains jurisdiction over the original cause of action.  Isbell, 113 Tex. at
531-32, 261 S.W. at 763; Hawkins v. Anderson, 672 S.W.2d 293, 296 (Tex.
App.--Dallas 1984, no writ).








The justice court=s jurisdiction is statutorily limited
to cases Ain which the amount in controversy is
not more than $5,000, exclusive of interest.@  Tex.
Gov=t Code Ann. ' 27.031(a)(1).  Because the statute does not expressly
exclude punitive damages and attorney=s fees, these items should be
included when calculating the amount in controversy.  See Villarreal v. Elizondo,
831 S.W.2d 474, 476 (Tex. App.--Corpus Christi 1992, no writ); Printing Ctr.
of Tex., Inc. v. Supermind Publ=g Co., 669 S.W.2d 779, 785 (Tex.
App.--Houston [14th Dist.] 1984, no writ); Long v. Fox, 625 S.W.2d 376,
378 (Tex. App.--San Antonio 1981, writ ref=d n.r.e.); Gulf
& I. Ry. Co. v. Gregory, 59 S.W. 310, 311
(Tex. Civ. App. 1900, no writ); cf. Tex. Gov=t Code Ann. ' 25.0003(c)(1) (Vernon Supp. 2004)
(providing that a statutory county court has jurisdiction over civil cases in
which the amount in controversy exceeds $500 but does not exceed $100,000, Aexcluding interest, statutory or
punitive damages and penalties, and attorney=s fees and costs@). 
Treble damages under the DTPA are punitive in nature.  Pace v. State, 650
S.W.2d 64, 65 (Tex. 1983); Sears, Roebuck & Co. v. Big Bend Motor Inn,
Inc., 818 S.W.2d 542, 545 (Tex. App.--Fort Worth 1991, writ denied).  Accordingly, these damages are included when
calculating the amount in controversy.  See
Gulf & I. Ry., 59 S.W. at 311.

The Amount in Controversy in This
Case

In his original petition, Chavarria sought $1,305, which was the amount he paid the
appellants for the repairs, $35 for towing expenses, $600 for transportation
expenses, and $395 for repairing the damage caused by the appellants.  This totals to $2,335 in actual damages.








In his amended petition, Chavarria continued to seek $1,305, $430 for out-of-pocket
expenses, and $600 for loss of use of the vehicle.  This again totals to $2,335 in actual
damages.  He also sought two times the
portion of his actual damages that did not exceed $1,000, and up to three times
the portion of his actual damages in excess of $1,000.  This brings the amount in controversy to
$7,005.[2]  Chavarria also
requested reasonable and necessary attorney=s fees in an unspecified amount.  The amount in controversy thus clearly
exceeded the justice court=s jurisdictional limit of $5,000.[3]








Chavarria raises several arguments to support
the lower courts= jurisdiction.  First,
he asserts that his amended petition only sought damages and attorney=s fees incurred due to the passage of
time.  See Cont=l Coffee Prods. Co., 937 S.W.2d at 449. 
Although Chavarria=s attorney=s fees undoubtedly increased as time
passed, the amount in controversy under the amended petition exceeded the
jurisdictional limit without considering attorney=s fees.  Chavarria=s damages did not increase due to the
passage of time.  Instead, Chavarria=s amended petition continued to seek the same amount in
actual damages as the original petition; the amended petition simply sought to
treble those damages under the DTPA.

Second, Chavarria
argues that the treble damages should not be included in calculating the amount
in controversy because they are punitive. 
He relies on the Sears case for this argument.  In Sears, the court held that because
treble damages are punitive, they are excluded from the amount in controversy
in the Tarrant County Courts at Law.  818 S.W.2d at 545-46. 
The Legislature gave these courts jurisdiction over civil cases in which
the amount in controversy did not exceed $50,000, excluding mandatory damages
and penalties, attorney=s fees, interest, and costs. 
Id. at 544 n.1.  The court determined that the Legislature
intended to exclude all penalties, regardless of whether they were mandatory or
discretionary.  Id.
at 545.  The holding in Sears
is based on the unique language of the jurisdictional statute governing the
Tarrant County Courts at Law.  See id.
at 544.  Unlike
that statute, the jurisdictional statute governing the justice courts does not
exclude penalties, whether mandatory or discretionary, from the amount in
controversy.  See Tex. Gov=t Code Ann. ' 27.031(a)(1).  Therefore, Sears is inapposite.








Third, Chavarria
points out that El Paso County Courts at Law have original jurisdiction over
civil cases in which the amount in controversy exceeds $500, but does not
exceed $100,000, Aexcluding interest, statutory or punitive damages and
penalties, and attorney=s fees and costs.@ 
Tex. Gov=t Code Ann. ' 25.0003(c)(1);
see also Tex. Gov=t Code Ann. ' 25.0732(a) (Vernon Supp. 2004)
(providing that, with certain exceptions, El Paso County Courts at Law have the
same jurisdiction as district courts). 
As noted above, however, the appellate jurisdiction of a county court at
law is limited to the jurisdiction of the justice court.  See Rice, 51 S.W.3d
at 708-09 & n.2; Crumpton, 936 S.W.2d at
476; Color Tile, 905 S.W.2d at 622.  Therefore, it is irrelevant that the county
court at law has original jurisdiction over cases involving a greater amount in
controversy and that punitive damages are excluded from the amount in
controversy in suits originally brought in the county court at law.  See Rice, 51 S.W.3d at 708-09 &
n.2 (holding that a county court at law that generally has jurisdiction to
adjudicate title has no jurisdiction to do so in an appeal of a forcible detainer suit from justice court, because justice courts
are expressly denied jurisdiction to adjudicate title).








Finally, Chavarria
argues that we must presume that the pleadings in the justice court were
sufficient to give that court jurisdiction. 
He relies on a line of cases holding that a court of appeals must
presume that defects in written pleadings were supplemented and corrected by
oral pleadings.  See,
e.g., Dagley v. Leeth,
106 S.W.2d 730, 731 (Tex. Civ. App.--Waco 1937, no
writ); Broderick v. Pardue, 102 S.W.2d 252,
255 (Tex. Civ. App.--San Antonio 1936, writ dism=d).  When these cases were decided, the plaintiff
could rely on oral pleadings in both the justice court and on appeal to the
county court.  See Broderick, 102 S.W.2d at 255. 
Now, however, all pleadings must be reduced to writing once the case is
appealed to the county court.  Tex. R. Civ. P. 525.  Chavarria=s amended petition, which was filed
while the case was still pending in the justice court, is the last written
pleading that appears in the record. 
Accordingly, it is clear that there were no subsequent amendments.

Conclusion

For the reasons stated above, we
conclude that the amount in controversy in this case exceeded the
jurisdictional limit of the justice court. 
Therefore, neither that court nor the county court at law had subject
matter jurisdiction.  When an appellate
court concludes that a trial court lacked jurisdiction, the proper disposition
is to reverse the trial court=s judgment and dismiss the case.  City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985); Hill v.
Heritage Res., Inc., 964 S.W.2d 89, 117 (Tex. App.--El Paso 1997, pet.
denied).  Accordingly, the
judgment of the county court at law is reversed and this case is
dismissed.  The appellants= first two issues are sustained.  Because of our disposition, we find it
unnecessary to address the remaining issues.

SUSAN
LARSEN, Justice

January 29, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 











[1]This
statute also gives the justice courts jurisdiction over forcible detainer actions and certain mortgage foreclosure
cases.  See Tex. Gov=t Code Ann. '
27.031(a)(2),(3).





[2]Chavarria cited section 17.50(b)(1)
of the DTPA as authority for the multiple damages he sought.  This section previously provided that a
prevailing consumer could recover the amount of actual damages found by the trier of fact, two times the portion of actual damages that
did not exceed $1,000, and, if the trier of fact
found that the conduct of the defendant was committed knowingly, three times
the amount of actual damages in excess of $1,000.  See Act of May 29, 1989, 71st Leg.,
R.S., ch. 380, '
2, 1989 Tex. Gen. Laws 1490, 1491, amended by Act of May 19, 1995, 74th
Leg., R.S. ch. 414, '
5, 1995 Tex. Gen. Laws 2988, 2992.  Under
this version of the statute, the maximum amount of damages recoverable was
three times the amount of actual damages. 
Jim Walter Homes, Inc. v. Valencia, 690 S.W.2d
239, 241 (Tex. 1985).  The statute
currently provides that a prevailing consumer may recover the amount of
economic damages found by the trier of fact.  If the trier of
fact finds that the defendant=s
conduct was committed knowingly, the consumer may also recover mental anguish
damages and not more than three times the economic damages.  If the trier of
fact finds that the defendant=s
conduct was committed intentionally, the consumer may recover mental anguish
damages and not more than three times the economic and mental anguish
damages.  Tex. Bus. & Com. Code Ann. '
17.50(b)(1) (Vernon 2002).  This version of the statute applies to causes
of action that accrue on or after September 1, 1995.  See Act of May 19, 1995, 74th Leg.,
R.S. ch. 414, '
20(a),(b), 1995 Tex. Gen. Laws 2988, 3004.  Although the parties seem to agree that the
previous version of the statute applies to this case, the events giving rise to
this suit occurred in 1999.  Therefore,
the current version of the statute should apply.  But because Chavarria
did not seek mental anguish damages, he is entitled to the same amount of damages
under either version of the statute, i.e., three times his actual,
economic damages.





[3]When
the plaintiff seeks an amount of damages that falls within the jurisdictional
limit and also seeks reasonable attorney=s
fees in an unspecified amount, the court has jurisdiction.  See Whitley v. Morning, 814 S.W.2d
537, 538 (Tex. App.--Tyler 1991, no writ) (holding that request for $4,500 in
damages, plus Areasonable
attorney=s fees@ did not exceed court=s jurisdictional limit of $5,000); see
also Peek, 779 S.W.2d at 805 (A[T]he
omission of any allegation regarding the amount in controversy . . . did not
deprive the court of jurisdiction, but was instead a defect in pleading subject
to special exception and amendment.@).  In this case, however, the amount in
controversy exceeds the justice court=s
jurisdictional limit even without considering the request for attorney=s fees.