DYKES V. CRAUSBAY



NO. 07-05-0402-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 24, 2007


______________________________



JAMES DYKES, 



 Appellant


v.



GARY CRAUSBAY, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY;



NO. 05-31,305-2; HON. JENNIFER RYMELL, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 James Dykes (Dykes) appeals from a summary judgment denying him recovery
against Gary Crausbay (Crausbay). The latter had moved for summary judgment on the
ground that Dykes' claim was barred by the defense of res judicata; that is, the claim was
a compulsory counterclaim to one initiated by Crausbay in and adjudicated by a small
claims court in Tarrant County. The trial court agreed with Crausbay and expressed as
much in its order. Before us, Dykes asserts that the trial court erred in concluding that res
judicata barred his recovery. We agree and reverse the judgment.

 Background

 Crausbay sued Dykes in small claims court for claims arising from a lease
agreement. His basis for recovery consisted of "breach of contract and fraudulently
reporting me to [a] collection agency and credit bureau deposit and expenses on duplex
." The small claims court directed a verdict against Crausbay, but before it did, Dykes
initiated suit against Crausbay in a local county court at law for breach of the lease
agreement. The sums he prayed for consisted of $3,560.75 in damages and $2,500 for
attorney's fees at the trial level if the cause was undisputed. Attorney's fees for defending
an appeal and totaling $7,000 were also sought. 

 As previously mentioned, Crausbay moved for summary judgment because he
believed that Dykes' claim was barred by res judicata. This was purportedly so because
Dykes' suit involved the same issues, evidence and "persons" as the suit brought by
Crausbay in the small claims court. Furthermore, Dykes' claims purportedly had been or
should have been tried in that proceeding. 

 Discussion

 The doctrine of res judicata "does not bar a former defendant who asserted no
affirmative claim for relief in an earlier action from stating a claim in a later action that could
have been filed as a . . . counterclaim in the earlier action, unless the claim was
compulsory in the earlier action." Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d
203, 207 (Tex. 1999). A counterclaim is compulsory only if it is within the jurisdiction of the
trial court, it is not at the time of filing the answer the subject of a pending action, it is
mature and owned by the defendant at the time of filing the answer, it arose out of the
same transaction or occurrence that is the subject matter of the opposing party's claim, it
is against an opposing party in the same capacity, and it does not require the presence of
third parties over whom the court lacks jurisdiction. Id. 

 Next, a small claims court has original jurisdiction of civil matters in which exclusive
jurisdiction is not vested in the district or county court and in which the amount in
controversy is not more than $5,000, exclusive of interest. Tex. Gov't Code Ann.
§27.031(a)(1) (Vernon 2004). These limitations apply to both original and counterclaims. 
See Smith v. Clary, 917 S.W.2d 796, 798 (Tex. 1996) (stating that a counterclaim, whether
permissive or compulsory, must be within the trial court's jurisdiction); French v. Moore,
169 S.W.3d 1, 7-8 (Tex. App.- Houston [1st Dist.] 2004, no pet.) (stating that counterclaims
must meet the jurisdictional limit independently, and one which exceeds the jurisdictional
limit may not be brought in justice court). Furthermore, when determining the amount in
controversy, we look at and accept as true the monetary allegations in the petition, unless
the opponent expressly alleges that those allegations were proffered as a sham. Bland
Indep. School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). So too do we include
attorney's fees in the calculation. Garza v. Chavarria, 155 S.W.3d 252, 256 (Tex. App.-El
Paso 2004, no pet.); Printing Center of Texas, Inc. v. Supermind Pub. Co., Inc., 669
S.W.2d 779, 785 (Tex. App.-Houston [14th Dist.] 1984, no writ). 

 As disclosed by the face of Dykes' original petition, he sought approximately $3,500
in damages and $2,500 in attorney's fees. Together, they exceed the $5,000 jurisdictional
limit of the small claims court. Thus, Dykes' claim was not a compulsory counterclaim; so,
its prosecution in the county court at law was not barred by the doctrine of res judicata. (1) 

 The trial court having erred in accepting Crausbay's defense of res judicata, we
reverse the judgment and remand the cause for further proceedings.


 Brian Quinn 

 Chief Justice
1. That Crausbay argues jurisdiction would have existed if Dykes simply requested a "reasonable
attorney's fee" as opposed to a specific dollar amount is of no import. We look at what was pled, not what
could have been pled. See Garza v. Chavarria, 155 S.W.3d 252, 257 n.3 (Tex. App.-El Paso 2004, no pet.)
(noting that a trial court may have jurisdiction over a cause where the damages sought fall within its
jurisdictional limits and the proponent simply proffered a generic request for an unspecified amount of
attorney's fees). And, to the extent Crausbay suggests that the demand for $2,500 in fees was simply a sham,
it was his burden to prove that as a matter of law. After all, his affirmative defense of res judicata was
dependent upon Dykes' claim being within the jurisdiction of the justice court. So, since one invoking an
affirmative defense via summary judgment has the burden to prove each aspect of the defense, Pustejovsky
v. Rapid-American Corp., 35 S.W.3d 643, 646 (Tex. 2000), and to prove res judicata, Dykes' claim had to be
within the justice court's jurisdiction, Crausbay had the obligation to establish, as a matter of law, that Dykes'
request for $2,500 in attorney's fees was baseless. He cites us to no evidence of record illustrating that he
did so. Nor did our own review of the record uncover any.