## MITSUBISHI GOSHI KAISHA v. J. ARON & CO., Inc.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

### No. 93.

1. Sales ⊂⊃79—Under sale contract against shipping documents f. o. b. Pacific Coast, buyer held entitled to reject bill of lading showing delivery in Texas.

Contract for sale of oil "against shipping documents," "f. o. b. seller's tank car, Pacific Coast," required tender of bill of lading showing delivery to carrier at Pacific Coast point selected by buyer, and buyer was entitled to reject bill of lading issued in Texas, notwithstanding car originally came from point designated; doctrine of substantial performance not being applicable.

2. Sales ⊂⊃382—Buyer's action against purchaser from it for breach of contract held irrelevant in original seller's action for buyer's breach of contract.

In action for buyer's refusal to accept car of oil because bill of lading did not comply with sale contract, buyer's action against purchaser from it for breach of contract covering same car, and bill of particulars therein mentioning that such car was intended for delivery on such contract, held irrelevant.

3. Sales ⊂⊃178(4)—Buyer's letter, advising purchaser from it that certain car would be applied on contract, held not exercise of dominion over car, preventing refusal to accept it from original seller.

Buyer's letter, advising purchaser from it that certain car would be applied to its contract, held not an exercise of dominion over car by buyer, nor tender thereof to subsequent purchaser, precluding buyer from refusing to accept car from seller, because bill of lading did not comply with contract.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Mitsubishi Goshi Kaisha against J. Aron & Co., Inc. Judgment for defendant, and plaintiff brings error. Affirmed.

Writ of error to a judgment of the District Court for the Southern District of New York, dismissing a complaint at law after trial before a jury of one.

The action was to recover damages for breach of contract in refusing to accept a tank car of soya bean oil, tendered by the plaintiff to the defendant under a written contract, the substance of which was as follows: The plaintiff agreed to sell, and the defendant to buy, six cars of oil, two cars to be shipped during each of the months of May, June, and July, "f. o. b. seller's tank car, Pacific Coast," "net cash against shipping documents." The buyer was to give shipping orders on the 1st day of each month, in default of which the seller was exonerated from all loss resulting from the delay.

Four cars were shipped and accepted in May and June, and one in July, so that the action concerns only the sixth. For this the buyer neglected to give any shipping orders, although repeatedly asked, until July 19th, when he directed the car to be shipped from Seattle to the Pierce Company, East Rochester, N. Y. On the following day the seller answered that the car which he proposed to tender was "already reported rolling," though he was not able to say whether it was from Seattle. On the 23d he wrote that he was supplying a named car, which had left Seattle on July 3d, and which his "supplier" would divert as the buyer had instructed. The buyer answered on the 26th that he would not accept this car, because he required "full diversion privileges," and a shipment on July 3d must be already too far East to admit of "diversion." The seller answered on the 28th that he would not agree to the rejection, but would nevertheless do his best to effect the "diversion." On August 4th he added that his "supplier" had suc-

ceeded in "diverting" the car, and that he was drawing on the buyer for the price.

Nothing further was done until August 9th, when the seller in San Francisco, that being the place agreed, tendered a bill of lading of the named car from Dallas, Tex., to East Rochester, with draft attached. The buyer refused the tender, saying on August 10th that the original bill of lading from Seattle should have been attached. In his opinion this was a "reconsignment," not a "diversion"; but he could not determine the point till he had the original bill of lading. When he received "the necessary information" from the seller's "supplier," he would accept.

On the 20th the seller made a second tender, this time in New York, but of the same bill of lading, and without giving any information from his "supplier" as to whether the car had been "diverted" or "reconsigned." This time the buyer agreed to accept upon three conditions, which need not be stated, as they were never fulfilled. On the 24th the seller wrote that the "supplier" had failed to make any definite answer to his inquiry, and that he would tender another car. This car he did tender, but the plaintiff does not assert that it was a performance. It may be assumed, for the purposes of argument, that the car had in fact been "diverted," and not "reconsigned," at Kansas City on its way to Dallas, where it was originally billed from Seattle.

The buyer had agreed to sell to the Pierce Company a specific quantity of soya bean oil, and intended to use the cars delivered by the seller in performance of that contract. The Pierce Company on July 25th repudiated the contract, and on August 2d the buyer wrote to that company that the plaintiff had advised him of the shipment of four cars consigned to it, of which one was the car in suit, and that he expected the documents shortly. In September the buyer sued the Pierce Company for damages because of its repudiating this contract with him, and, upon being required to give a bill of particulars, mentioned the car in suit as one purchased by him for delivery upon the contract.

At the close of the evidence the District Judge directed a verdict for the defendant, upon which the judgment was entered, to which the writ now at bar issued.

Murrey Corrington and Bouvier & Beale, all of New York City, for plaintiff in error.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating and James H. Herbert, both of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] The buyer promised to pay only "against shipping documents," which were to be "f. o. b. seller's tank cars, Pacific Coast." This required the tender of a bill of lading acknowledging delivery to a common carrier at some point selected by the buyer on the Pacific Coast, in this instance Seattle. Nothing but such a bill of lading was a performance of the condition upon that promise. Filley v. Pope, 115 U. S. 213, 6 S. Ct. 19, 29 L. Ed. 372; National Bank of Commerce v. Lamborn, 2 F.(2d) 23, 36 A. L. R. 509 (C. C. A. 4).

There is no room in commercial contracts for the doctrine of substantial performance. Bowers v. Shand, L. R. 2 App. Cas. 455. All the seller ever tendered was a bill of lading, Dallas to East Rochester, which was clearly not "f. o. b. * * * Pacific Coast." Although the car in fact came from Seattle, it was uncertain from the bill of lading whether it was the substantial equivalent of a shipment direct from Seattle to East Rochester, even if that had been sufficient.

From the correspondence the parties appear to have agreed that there was a difference between "diversion" and "reconsignment," and from what we are told at the bar this difference concerns the freight charges. However, that makes no difference, nor do the facts, as distinguished from the documents. The buyer would have been within his rights in standing upon the letter of the contract, which required a bill of lading of the kind agreed, no matter what were the facts. Any other rule would subject the parties to obligations dependent upon circumstances which they must ascertain outside the documents tendered, which they had made the measure of their undertakings.

We do not forget that the buyer offered to accept the Dallas bill of lading as a substitute; but this was only upon condition, reasonable enough, if that were relevant, that he should be satisfied by the seller's "supplier" that the car had been "diverted." However, as the seller on his own admission never secured the "necessary information" from his "supplier," the buyer's substituted condition was never performed, and his new promise never became absolute.

[2, 3] The buyer's action against the Pierce Company was irrelevant. Before September the seller had tendered all that he proposed to tender, and the buyer had refused.

Nothing which the buyer said in the bill of particulars in his action against Pierce can be construed as an exercise of dominion over the car at that time, and no amount of inconsistency, or, for that matter, of unfair dealing towards a third party, could affect his position here. The seller also seeks to treat the buyer's letter of August 2d to the Pierce Company as the exercise of dominion over the car. However, the letter said no more than that the seller had advised him that the car in suit, among others, had been applied to the Pierce account, and that he was awaiting the documents, which he would present in due course. This was not a tender of the car upon the buyer's contract with the Pierce Company, and was certainly not intended to be an assertion of any dominion over it. At that time the buyer had reasonable expectation that the seller might comply with the condition which he had imposed upon acceptance in his letter of July 26th; i. e., that he should have "full diversion privileges," which on the 28th the seller had agreed to do his best to get. The inclusion of the car among those mentioned in the letter of August 2d was justified by the possibility so held out, and it would be a wholly unwarranted inference to read it as indicating any retreat from the buyer's position, taken at once, and consistently maintained throughout the correspondence.

Judgment affirmed.