**PRINTING CENTER OF TEXAS,
INC., Appellant,**

v.

**SUPERMIND PUBLISHING CO.,
INC., Appellee.**

**No. A14–83–00181CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 1984.

Rehearing Denied April 19, 1984.

Marty D. Price, Richard E. Glaser, Dallas, for appellant.

Frederick Peter Forlano, Finger, Small, Cohen & Forlano, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Appellee sued appellant for refund of a deposit made under a written contract to print 5000 books entitled "Supermind Supermemory." Appellee alleged that it rightfully rejected the books upon delivery under TEX.BUS. & COM.CODE ANN. § 2.601 (Tex. UCC) (Vernon 1968) and that it has a right to cancel the contract and recover the part of the purchase price paid under TEX.BUS. & COM.CODE ANN. § 2.711 (Tex. UCC) (Vernon 1968). The trial court awarded appellee refund of its $2900 deposit and $3000 as reasonable attorney's fees on the verdict of the jury.

This appeal raises issues concerning: 1) whether appellee laid the proper predicate for admission of an attorney's billing statement as proof of reasonable attorney's fees under TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1982–1983): 2) whether the evidence was legally and factually sufficient to support the jury's finding that the books failed to conform to the contract; and 3) whether the judgment of the trial court is void because it did not have jurisdiction to award a judgment in excess of its maximum jurisdictional limit. We affirm the judgment of the trial court.

We note that appellee may have tried this suit on the wrong legal theory and if so, the judgment of trial court is not supported by the jury findings. The parties tried this suit on the assumption that the provisions of the Texas Uniform Commercial Code governed their contract for the printing of books. Chapter 2 of the Business and Commerce Code is limited to transactions involving the sale of goods. TEX.BUS. & COM.CODE ANN. § 2.102 (Vernon 1968). A contract to print books involves the sale of both goods and services. The printer sells goods which consist of paper and ink and services consisting of binding, typesetting, proofing, etc. "In such hybrid transactions, the question becomes whether the dominant factor or essence of the transaction is the sale of materials or of services." G–W–L, Inc. v. Robichaux, 643 S.W.2d 392, 394 (Tex.1982).

■ It appears to us that the services are the essence or the dominant factor of a printing contract; therefore, Chapter 2 of the Business and Commerce Code would not apply. Special issue number one inquired of the jury whether the books delivered to appellee failed in any respect to conform to the contract. The affirmative answer to this issue does not give the purchaser a right to reject and to recover a refund of the purchase price under the common law of contracts as it would under Chapter 2 of the Code. The buyer's remedy in that case would be damages for breach of contract. The equitable relief of rescission of the contract will not be granted for breach of the contract. Chenault v. County of Shelby, 320 S.W.2d 431 (Tex. Civ.App.—Austin 1959, writ ref'd n.r.e.).

■ Appellant has not assigned a point of error as to whether the trial court's judgment is supported by the verdict of the jury. Therefore any error concerning this point is waived. TEX.R.CIV.P. 418; State Farm Mutual Automobile Ins. Co. v. Cowley, 468 S.W.2d 353 (Tex.1971). We in-

dulge in the doubtful assumption that Chapter 2 of the Business and Commerce Code governs the contract between parties to enable us to adequately consider appellant's points of error.

Appellant's first point of error is that the trial court erred in admitting into evidence plaintiff's attorney letter billings as proof of reasonable attorney's fees. Appellee's attorney did not testify as to the actual legal services performed. The letter billings are the primary evidence of reasonable attorney's fees. Appellee offered the billings under the business records exception to the hearsay rule, TEX.REV.CIV. STAT.ANN. art. 3737e (Vernon Supp.1982–83), through the testimony of Patricia Burrows, a legal secretary of plaintiff's attorney, as custodian of the records. Cross-examination revealed that Patricia Burrows did not have personal knowledge of the facts recited in the billings and that she was not the custodian of the billings at the time they were made. For these reasons appellant asserts that Patricia Burrows was not a qualified witness.

██ We disagree. Section 2 of Article 3737e states:

Sec. 2. The identity and mode of preparation of the memorandum or record in accordance with the provisions of paragraph one (1) may be proved by the testimony of the entrant, custodian or other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record. Such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility.

The statute does not require the custodian through whom the records are offered have personal knowledge of the content of the records or that the custodian be employed as custodian at the time the records are made. There is nothing in the statute which disqualifies Patricia Burrows as a witness.

██ Appellant also asserts that appellee failed to establish the proper predicate

for admission of the billings as summaries of original records. Appellant did not demonstrate that: 1) the original records are so voluminous as to make their use impractical; 2) the original records are admissible and 3) that the original records were available for inspection by the other side and the Court. *Lewis v. Southmore Savings Association,* 480 S.W.2d 180 (Tex. 1972); *Hallmark Builders, Inc. v. Anthony,* 547 S.W.2d 681 (Tex.Civ.App.—Amarillo 1977, no writ). Whatever merit appellant's argument may possess, appellant has waived the right to have it considered on appeal by its failure to object at trial to the admission of the billings as summaries of original records. Appellant's objection at trial did not bring to the trial court's attention this particular deficiency. *Kuehn v. Kuehn,* 594 S.W.2d 158, 162 (Tex.Civ.App. —Houston [14th Dist.] 1980, no writ); *Pool Co. v. Hydra-Rig, Inc.,* 626 S.W.2d 320, 324 (Tex.App.—Fort Worth 1981, no writ).

Appellant contends in its second point of error that jury finding that the books failed to conform to the contract is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952). This finding is related to whether appellee had a right to reject the books under TEX.BUS. & COM.CODE ANN. § 2.601 (Vernon 1968) which states in part:

... if the goods or tender of delivery fail in any respect to conform to the contract, the buyer may (1) reject the whole ...

██ This provision has been called the perfect tender rule because it supposedly allows a buyer to reject whenever the goods are less than perfect. This statement is not quite accurate; under section 2.601 the tender must be perfect only in the sense that the proffered goods must conform to the contract in every respect. Conformity does not mean substantial performance; it means complete performance. The long standing doctrine of sales law that "there is no room in commercial contracts for the doctrine of substantial performance" is carried forward into section 2.601

of the Code. *Mitsubishi Goshi Kaisha v. J. Aron & Co.*, 16 F.2d 185, 186 (2d Cir. 1926); See also 50 Tex.Jur.2d Sales § 210 and § 211 (1970). We reject the holding of the court in *Del Monte Corp. v. Martin*, 574 S.W.2d 597 (Tex.Civ.App.—San Antonio 1978, no writ), that a special issue which inquired whether plaintiff substantially complied with the terms of the contract was a correct form of submission to determine whether defendant had a right to reject the goods tendered under the sales contract. Substantial compliance is not the legal equivalent of conformity with the contract under section 2.601.

■■■■ In analyzing whether tendered goods are conforming, the contract of the parties must first be determined. "Conform" is defined in TEX.BUS. & COM. CODE ANN. § 2.106(b) (Vernon 1968), as "in accordance with the obligations under the contract." The contract of the parties includes more than the words used by the parties. It encompasses "the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in the Code." BUS. & COM. CODE ANN. § 1.201(11) and § 1.201(3). Thus, the terms of a contract may be explained and supplemented through trade usage, but it may not be used to contradict an express term. BUS. & COM.CODE ANN. § 2.202. The existence and scope of trade usage must be proved as facts. BUS. & COM.CODE ANN. § 1.205(b). A buyer has a right to reject goods under section 2.601 if the goods fail to conform to either the express or implied terms of the contract.

■■■■ Once the contract of the parties has been determined, the evidence must be reviewed to see if the right goods were tendered at the right time and place. If the evidence does establish nonconformity in some respect, the buyer is entitled to reject if he rejects in good faith. BUS. & COM.CODE ANN. § 1.203 provides that, "Every contract or duty within this Act imposes an obligation of good faith in its performance or enforcement." Since the rejection of goods is a matter of performance, the buyer is obligated to act in good faith when he rejects the goods. Where the buyer is a merchant, his standard of good faith rejection requires honesty in fact and observance of reasonable commercial standards of fair dealing in the trade. TEX.BUS. & COM.CODE ANN. § 2.103(a)(2). If the seller alleges that the buyer rejected in bad faith, the seller has the burden of proof on this issue. Evidence of circumstances which indicate that the buyer's motivation in rejecting the goods was to escape the bargain, rather than to avoid acceptance of a tender which in some respect impairs the value of the bargain to him, would support a finding of rejection in bad faith. *Neumiller Farms Inc. v. Cornett,* 368 So.2d 272 (Ala.1979). Thus, evidence of rejection of the goods on account of a minor defect in a falling market would in some instances be sufficient to support a finding that the buyer acted in bad faith when he rejected the goods.

■■■■ The written contract between the parties which is expressed in a bid proposal dated July 31, 1981 covers only essential terms such as quantity, trim size, and type of paper and cover. The type of paper specified in the contract was thirty pound white newsprint. Appellee's witness testified that he was shown a sample of the newsprint to be used and that the tendered books were not the same color as the sample. The witness stated the pages of the books were gray while the sample was white. This testimony is evidence of nonconformity because any sample which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample. TEX.BUS. & COM.CODE ANN. § 2.313(a)(3) (Tex. UCC) (Vernon 1968).

■■■■ Other nonconformities which appellee alleges and offers proof of are off center cover art, crooked pages, wrinkled pages and inadequate perforation on a pull out page. The contract does not expressly address any of these matters. Although evidence of trade usage may have indicated

that these conditions are contrary to the standards of commercial practice within the publishing industry, appellant failed to offer evidence of trade usage to supplement the contract. However, appellant knew that appellee wanted the books printed for sale to the public. In these circumstances, it is implied in the contract that the books be commercially acceptable and appealing to the public. Section 2.314 TEX.BUS. & COM.CODE ANN. (Tex. UCC) (Vernon 1968) states that a warranty that the goods shall be merchantable is implied in a contract for their sale and that for goods to be merchantable, they must pass without objection in the trade and be fit for the ordinary purposes for which such goods are used. A jury could reasonably conclude that books with crooked and wrinkled pages, off center cover art, and inadequate perforation are not fit for sale to the public. We find sufficient evidence to support the jury's finding that the books did not conform to the contract.

Appellant contends that if non-conformities exist, they are minor and that appellee rejected the books in bad faith. Appellant has failed to carry its burden to prove that appellee rejected the books in bad faith. First, we do not agree with appellant's contention that the alleged non-conformities should be classified as minor. Second, there is no evidence which indicates that appellee's primary motivation in rejection of the books was to escape a bad bargain. We also note that appellant has waived its defense of rejection in bad faith by its failure to request an issue on this defense, because it has not conclusively established it under the evidence. TEX.R. CIV.P. 279.

Appellant's second point of error is overruled.

Appellant contends in its third and fourth points of error that the judgment of the trial court is void because the trial court was without jurisdiction to award a judgment in excess of the jurisdictional amount of the court. Trial was in a county court at law with jurisdiction limited to controversies which do not exceed five thousand dollars ($5000) exclusive of interest. TEX.REV.CIV.STAT.ANN. art. 1970a (Vernon Supp.1982–83).

The question of jurisdiction, insofar as the amount in controversy is concerned, is determined by the petition, and is concluded by the averments insofar as they state facts in relation to the thing in controversy. The amount in controversy is determined by the value to the plaintiff of the right that he asserts in good faith in his pleading setting forth the operative facts constituting his cause of action.

*Williams v. Le Garage De La Paix, Inc.*, 562 S.W.2d 534, 535 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). See also *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466 (1949). The demand for attorney's fees in a petition constitutes part of the amount in controversy in the determination of such amount for jurisdictional purposes. *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145 (1936). Attorney's fees awarded for appellate work are also included in the jurisdictional amount. *Long v. Fox*, 625 S.W.2d 376 (Tex.App.—San Antonio 1981, no writ).

In its original petition plaintiff sought recovery of its $2900 deposit plus interest and reasonable attorney's fees. Plaintiff amended its petition before trial. The amended petition sought the $2900 deposit, previously rendered attorney's fees of $900, attorney's fees up to the close of trial, $3500 of attorney's fees in the event of appeal to the Court of Appeals, and $3500 of attorney's fees in the event of appeal to the Supreme Court. The trial court's judgment awarded appellee the $2900 deposit, $3000 as reasonable attorney's fees, and the combined sum of $1500 of attorney's fees through the Supreme Court.

Although the amount of relief requested in appellee's First Amended Original Petition exceeded the jurisdictional limits of the trial court, it properly acquired jurisdiction through the good faith allega-

tions in appellee's original petition. The original petition did not request an amount clearly in excess of the jurisdictional limit. The subsequent amendment to appellee's petition which sought only additional attorney's fees accruing due to the further prosecution of the suit did not divest the court of jurisdiction. *Mr. W. Fireworks, Inc. v. Mitchell,* 622 S.W.2d 576 (Tex.1981).

■ Appellant, however, contends that the trial court never acquired jurisdiction through appellee's original petition because the allegations of the amount in controversy contained therein were fraudulently made for the purpose of wrongfully conferring jurisdiction. Appellant has waived this contention by its failure to plead and prove the fraudulence of appellee's allegations to the trial court. *Corsicana Independent School District v. Corsicana Venetian Blind Co.,* 270 S.W.2d 296 (Tex.Civ. App.—Waco 1954, no writ); *Delk v. City of Dallas,* 560 S.W.2d 519 (Tex.Civ.App.— Texarkana 1977, no writ). Points of error three and four are overruled.

The judgment of the trial court is affirmed.