NO. 07-05-0402-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 24, 2007
_____

JAMES DYKES,

Appellant

v.

GARY CRAUSBAY,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY;

NO. 05-31,305-2; HON. JENNIFER RYMELL, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

James Dykes (Dykes) appeals from a summary judgment denying him recovery against Gary Crausbay (Crausbay). The latter had moved for summary judgment on the ground that Dykes' claim was barred by the defense of res judicata; that is, the claim was a compulsory counterclaim to one initiated by Crausbay in and adjudicated by a small claims court in Tarrant County. The trial court agreed with Crausbay and expressed as

much in its order. Before us, Dykes asserts that the trial court erred in concluding that res judicata barred his recovery. We agree and reverse the judgment.

### Background

Crausbay sued Dykes in small claims court for claims arising from a lease agreement. His basis for recovery consisted of "breach of contract and fraudulently reporting me to [a] collection agency and credit bureau deposit and expenses on duplex ." The small claims court directed a verdict against Crausbay, but before it did, Dykes initiated suit against Crausbay in a local county court at law for breach of the lease agreement. The sums he prayed for consisted of $3,560.75 in damages and $2,500 for attorney's fees at the trial level if the cause was undisputed. Attorney's fees for defending an appeal and totaling $7,000 were also sought.

As previously mentioned, Crausbay moved for summary judgment because he believed that Dykes' claim was barred by res judicata. This was purportedly so because Dykes' suit involved the same issues, evidence and "persons" as the suit brought by Crausbay in the small claims court. Furthermore, Dykes' claims purportedly had been or should have been tried in that proceeding.

### Discussion

The doctrine of res judicata "does not bar a former defendant who asserted no affirmative claim for relief in an earlier action from stating a claim in a later action that could have been filed as a . . . counterclaim in the earlier action, unless the claim was compulsory in the earlier action." *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999). A counterclaim is compulsory only if it is within the jurisdiction of the

2

trial court, it is not at the time of filing the answer the subject of a pending action, it is mature and owned by the defendant at the time of filing the answer, it arose out of the same transaction or occurrence that is the subject matter of the opposing party's claim, it is against an opposing party in the same capacity, and it does not require the presence of third parties over whom the court lacks jurisdiction. *Id.*

Next, a small claims court has original jurisdiction of civil matters in which exclusive jurisdiction is not vested in the district or county court and in which the amount in controversy is not more than $5,000, exclusive of interest. TEX. GOV'T CODE ANN. §27.031(a)(1) (Vernon 2004). These limitations apply to both original and counterclaims. *See Smith v. Clary*, 917 S.W.2d 796, 798 (Tex. 1996) (stating that a counterclaim, whether permissive or compulsory, must be within the trial court's jurisdiction); *French v. Moore,* 169 S.W.3d 1, 7-8 (Tex. App.– Houston [1ˢᵗ Dist.] 2004, no pet.) (stating that counterclaims must meet the jurisdictional limit independently, and one which exceeds the jurisdictional limit may not be brought in justice court). Furthermore, when determining the amount in controversy, we look at and accept as true the monetary allegations in the petition, unless the opponent expressly alleges that those allegations were proffered as a sham. *Bland Indep. School Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). So too do we include attorney's fees in the calculation. *Garza v. Chavarria,* 155 S.W.3d 252, 256 (Tex. App.–El Paso 2004, no pet.); *Printing Center of Texas, Inc. v. Supermind Pub. Co., Inc.,* 669 S.W.2d 779, 785 (Tex. App.–Houston [14ᵗʰ Dist.] 1984, no writ).

As disclosed by the face of Dykes' original petition, he sought approximately $3,500 in damages and $2,500 in attorney's fees. Together, they exceed the $5,000 jurisdictional

limit of the small claims court. Thus, Dykes' claim was not a compulsory counterclaim; so, its prosecution in the county court at law was not barred by the doctrine of res judicata.[1]

The trial court having erred in accepting Crausbay's defense of res judicata, we reverse the judgment and remand the cause for further proceedings.

Brian Quinn
Chief Justice

---

[1]That Crausbay argues jurisdiction would have existed if Dykes simply requested a "reasonable attorney's fee" as opposed to a specific dollar amount is of no import. We look at what was pled, not what could have been pled. *See Garza v. Chavarria*, 155 S.W.3d 252, 257 n.3 (Tex. App.–El Paso 2004, no pet.) (noting that a trial court may have jurisdiction over a cause where the damages sought fall within its jurisdictional limits and the proponent simply proffered a generic request for an unspecified amount of attorney's fees). And, to the extent Crausbay suggests that the demand for $2,500 in fees was simply a sham, it was his burden to prove that as a matter of law. After all, his affirmative defense of res judicata was dependent upon Dykes' claim being within the jurisdiction of the justice court. So, since one invoking an affirmative defense via summary judgment has the burden to prove each aspect of the defense, *Pustejovsky v. Rapid-American Corp.,* 35 S.W.3d 643, 646 (Tex. 2000), and to prove res judicata, Dykes' claim had to be within the justice court's jurisdiction, Crausbay had the obligation to establish, as a matter of law, that Dykes' request for $2,500 in attorney's fees was baseless. He cites us to no evidence of record illustrating that he did so. Nor did our own review of the record uncover any.