

**NUMBER 13-08-00726-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FRANKLIN JONES,**                                                                         **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL
JUSTICE AND OFFICER HERLINDA
QUINONES,**                                                                         **Appellees.**

**On appeal from the 36th District Court of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Franklin Jones, an inmate proceeding pro se and in forma pauperis, appeals from the trial court's order dismissing his case for lack of jurisdiction. By three issues, appellant contends the trial court erred in dismissing his suit because: (1) it failed to include interest and attorneys' fees in the "amount in controversy"; (2) "the clerk" failed

to assign the case to the "proper court"; and (3) the appellees' plea to the jurisdiction was untimely filed. We reverse and remand.

## Background

On January 30, 2007, appellant sued appellees, the Texas Department of Criminal Justice and its employee, Officer Herlinda Quinones (collectively "TDCJ"), alleging that Officer Quinones improperly confiscated two bags of coffee from appellant. The petition is addressed to the "Small Claims Court of Bee County, Texas." However, appellant sent his petition for filing to "Sandra Clark, District Clerk, Bee County." The petition was filed in district court.

On February 22, 2008, appellees filed an original answer. On September 19, 2008,[1] TDCJ filed a plea to the jurisdiction, asserting that the damages sought by appellant were not within the district court's jurisdictional limits. Appellant asserts that he was unable to respond to the plea to the jurisdiction because of a thirty-day system-wide prison lockdown ordered by Governor Rick Perry. On October 31, 2008, the trial court granted the plea to the jurisdiction and dismissed the case without prejudice. This appeal ensued.[2]

## Standard of Review and Applicable Law

"Subject[-]matter jurisdiction is essential to a court's authority to decide a case."[3] "A plea questioning the trial court's subject[-]matter jurisdiction raises a question of law that

---

[1] We note that the certificate of service is dated August 26, 2008, but the document is file-stamped September 19, 2008.

[2] Appellant's notice of appeal is addressed to "the United States Court of Appeals" and cites the Federal Rules of Appellate Procedure. By order, the district court forwarded the appeal to this Court.

[3] *Acreman v. Sharp*, 282 S.W.3d 251, 253 (Tex. App.–Beaumont 2009, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)).

2

we review de novo."[4]  A plaintiff bears the burden of alleging facts showing that the trial court has subject-matter jurisdiction.[5]  When deciding whether the trial court has jurisdiction, this Court must look solely to the allegations in the petition.[6]  We must take the allegations in the petition as true and construe them in favor of the pleader.[7]

When a defendant asserts that the amount in controversy is below the court's jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient.[8]  The plaintiff's allegation of damages in excess of jurisdictional limits suffices to show the amount in controversy, even if damages cannot ultimately be proved at all.[9]  Were it otherwise, the plaintiff would be required to try his entire case to show an entitlement to damages in excess of the court's jurisdictional limits.[10]  Because a plaintiff is not required to prove his damages in order to support jurisdiction, the issue is not whether there is a fact question as to the actual amount of his damages; the issue is whether there is a  fact question as to whether the actual amount of his damages is within

---

[4] *Id.* (quoting *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007)).

[5] *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

[6] *Harris County v. Progressive Nat'l Bank*, 93 S.W.3d 381, 383 (Tex. App.–Houston [14th Dist.] 2002, pet. denied).

[7] *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

[8] *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554.

[9] *Id.*

[10] *Id.*

the court's jurisdictional limit.[11]   Where the trial court has not specified the grounds for dismissal in its order, the order will be affirmed if any of the theories advanced in the motion to dismiss supports the dismissal.[12]

Prior to 1985, a district court's minimum amount in controversy was $500.00.[13] Different courts have reached different conclusions regarding the monetary amount required to invoke a district court's jurisdiction.[14]  Justice courts have jurisdiction over cases in which the amount in controversy is not more than $10,000.00, excluding interest.[15]  The justice courts have original jurisdiction over civil cases in which the amount in controversy is $200.00 or less.[16]   The justice courts have concurrent jurisdiction with small-claims courts in actions for the recovery of an amount that does not exceed $10,000.00.[17]

[11] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004).

[12] *Walker v. Gonzales County Sherrif's Dep't.*, 35 S.W.3d 157, 162 (Tex. App.–Corpus Christi 2000, pet. denied).

[13] *See Acreman*, 282 S.W.3d at 254 n.3 (noting that statutory amount was omitted when former article 1906 of Texas Revised Civil Statute was codified into government code in 1985 and district court's minimum amount-in-controversy jurisdiction was deleted as part of 1985 amendment to article V, section 8 of the Texas Constitution).

[14] *See id.* at 253-54 (listing cases).  Without discussing the issue, this Court has held that the minimum amount needed to invoke the district court's jurisdiction is $500.00.  *See Moore v. TDCJ-CID*, No. 13-04-425-CV, 2005 Tex. App. LEXIS 6010, at *7 (Tex. App.–Corpus Christi Jul. 28, 2005, no pet.) (mem. op.).

[15] *See* TEX. GOV'T CODE ANN. § 27.031(a) (Vernon Supp. 2008). We note that appellant's petition was filed January 30, 2007, before the effective date of the 2007 amendments to section 27.031, which changed the maximum jurisdictional amount from $5,000.00 to $10,000.00.  Thus, appellant's petition is governed by the prior version of the statute.  *See* Act of May 19, 1991, 72nd Leg., R.S., ch. 776, § 2, 1991 Tex. Gen. Laws 2767, *amended by* Act of May 16, 2007, 80th Leg., R.S., ch. 383, §§ 2-5, 2007 Tex. Sess. Law Serv. 687 (current version at TEX. GOV'T CODE ANN. § 27.031(a) (Vernon Supp. 2008)).  The recent amendments do not change our analysis; thus, we cite to the current version of the statute.

[16] *See* TEX. CONST. art. V, § 19; *Garza v. Chavarria*, 155 S.W.3d 252, 255 (Tex. App.–El Paso 2004, no pet.).

[17] *See* TEX. GOV'T CODE ANN. § 28.003(a) (Vernon Supp. 2008) (providing that "[t]he small claims court has concurrent jurisdiction with the justice court in actions by any person for the recovery of money in which

4

A plea to the jurisdiction should be granted "where the court can see from the allegations of a pleading that, even by amendment, no cause of action can be stated" to invoke the court's jurisdiction.[18]

**Discussion**

In his original petition, in a paragraph entitled, "Jurisdiction of the Small Claims Court," appellant asserts, "[t]his court has the concurrent jurisdiction over the underlying action because the controversy does not exceed $5,000.00"; in support, appellant cites section 28.003(a) of the government code.[19] In his prayer for relief, appellant "seeks an amount of recovery not to exceed $1,000.00."

In his petition, appellant asserts a claim under the Texas Theft Liability Act ("the Act").[20] The Act provides that "[a] person who commits theft is liable for the damages resulting from the theft."[21] It further details the damages recoverable by a person who has been the victim of theft.[22] Section 134.005 of the Act provides, in pertinent part:

(a)   In a suit under this chapter, a person who has sustained damages

---

the amount involved, exclusive of costs, does not exceed $10,000"). We similarly note that the 2007 amendments changed the maximum jurisdictional amount for small claims courts from $5,000.00 to $10,000.00, and that appellant's petition is governed by the prior version of the statute. *See* Act of May 19, 1991, 72nd Leg., R.S., ch. 776, § 4, 1991 Tex. Gen. Laws 2768, *amended by* Act of May 16, 2007, 80th Leg., R.S., ch. 383, §§ 2-5, 2007 Tex. Sess. Law Serv. 687 (current version at TEX. GOV'T CODE ANN. § 28.003(a) (Vernon Supp. 2008)).

[18] *See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 406 (Tex. 2000) (Phillips, C.J., dissenting) (citing *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (Tex. 1960) (quoting *Lone Star Fin. Corp. v. Davis*, 77 S.W.2d 711, 715 (Tex. Civ. App.–-Eastland 1934, no writ))).

[19] *See* TEX. GOV'T CODE ANN. § 28.003(a).

[20] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001-.005 (Vernon 2005).

[21] *Id.* § 134.003(a); *see Minix v. Gonzales*, 162 S.W.3d 635, 639 n.4 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

[22] TEX. CIV. PRAC. & REM. CODE ANN. § 134.005; *see Minix*, 162 S.W.3d at 639 n.4.

5

resulting from theft may recover:

(1) under Section 134.003(a), from a person who commits theft, the amount of actual damages found by the trier of fact and, in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000; . . .

. . . .

(b) Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees.[23]

A plain reading of this provision clearly reveals that an award of $1,000.00 statutory damages is contingent upon an award of actual damages.[24] "Actual damages," within the meaning of the Act, are those recoverable at common law.[25] In addition to his claims under the Act, appellant also asserts claims for conversion, "deceit," fraud, and negligent misrepresentation. In his prayer for relief, appellant specifically "seeks an amount of recovery not to exceed $1,000.00, also seeking authorized actual damages of not more than $1,000.00, under the Texas Theft Liability Act . . . ."

TDCJ argues in its brief that "the actual amount in controversy is the value of two (2) bags of coffee[,] which is under the jurisdictional amount for district court." Specifically, TDCJ contends that "[t]he specific facts show that the actual amount in controversy is the value of the 2 bags of coffee (approximate value of $4.00). [TDCJ] allege[s] that any other

---

[23] TEX. CIV. PRAC. & REM. CODE ANN. § 134.005. It is undisputed that appellant is not represented by counsel. The record contains appellant's request for court-appointed counsel and a letter from the trial judge to appellant denying the request. The letter notes that because appellant is a plaintiff in a civil case, rather than a defendant in a criminal case, he is not entitled to appointed counsel. We conclude appellant is not entitled to recover attorneys' fees.

[24] *Alcatel USA, Inc. v. Cisco Sys.*, 239 F. Supp.2d 660, 674 (E.D. Tex. 2002) (citing *Rodgers v. RAB Invs., Ltd.*, 816 S.W.2d 543, 551 (Tex. App.–Dallas 1991, no writ)).

[25] *See Beaumont v. Basham*, 205 S.W.3d 608, 619 (Tex. App.–Waco 2006, pet. denied).

6

amount are [sic] proffered as a sham." TDCJ also argues that appellant intended to file his claim in small claims court, and because his case was dismissed without prejudice, he can refile his claim with the county clerk.

In support, TDCJ cites *Chapa v. Spivey.*[26] In *Chapa*, the appellant alleged damages in the amount of $262.50 for lost or damaged property pursuant to section 501.007 of the government code.[27] The court found that because the alleged $262.50 in damages was below the district court's minimum amount in controversy, the trial court did not err in dismissing the appellant's petition.[28]

Several cases involving suits filed by pro se inmates present issues similar to the one before us. In *Westbrook v. Horton*,[29] a pro se inmate filed suit in district court against various prison officials, alleging that they had seized and destroyed his property, which consisted of legal mail and books.[30] The defendants filed a plea to the jurisdiction, contending that Westbrook had failed to plead damages within the court's jurisdictional limits.[31] Westbrook listed about forty-five books that had been seized, and requested $5,000.00 in compensatory damages, trebled to $15,000.00, and exemplary damages of

---

[26] 999 S.W.2d 833, 834 (Tex. App.–Tyler 1999, no pet.).

[27] *See id.*; *see also* TEX. GOV'T CODE ANN. § 501.007 (Vernon 2004).

[28] *Chapa*, 999 S.W.2d at 836.

[29] *Westbrook v. Horton*, No. 02-06-00169-CV, 2007 Tex. App. LEXIS 3478, at *8 (Tex. App.–Fort Worth May 3, 2007, no pet.) (mem. op.).

[30] *Id.* at *1.

[31] *Id.* at *2.

$10,000.00.[32] The Fort Worth court found that Westbrook had pleaded damages within the district court's jurisdictional limits.[33]

In *Thomas v. Daniels*, Thomas, a pro se inmate, sued various TDCJ employees in district court for confiscating legal materials, eight books, three magazines, two commissary bags, a fan, headphones, a radio, and a hot-pot.[34] Thomas sought $500.00 for "Legal Material and Personal Property," in addition to nominal, compensatory, and exemplary damages.[35] The TDCJ "argue[d] that Thomas failed to provide a 'price or value' for the property and that these items do not total $500.[00]."[36] The *Thomas* court held that "TDCJ ha[d] not presented any evidence showing either the value of the confiscated property or that the value falls below the $500 requirement."[37] The court held that because Thomas had pleaded damages in the amount of $500.00, the trial court had improperly dismissed the suit based on subject-matter jurisdiction.[38]

In *Sawyer v. Texas Department of Criminal Justice—Institutional Division*, Sawyer,

---

[32] *Id.* at *7-8.

[33] *Id.* at *8.

[34] *Thomas v. Daniels*, No. 10-07-00108-CV, 2008 Tex. App. LEXIS 3497, at *1-2 (Tex. App.–Waco May 14, 2008, pet. filed) (mem. op.).

[35] *Id.* at *2.

[36] *Id.*

[37] *Id.* (citing *Bland*, 34 S.W.3d at 554) ("when a defendant asserts that the amount in controversy is below the court's jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient"); *Westbrook*, 2007 Tex. App. LEXIS 3478, at *5 ("Appellees did not offer jurisdictional evidence attempting to estimate the value of the books and mail that Westbrook alleged they confiscated or to show that the items' value fell short of the district court's jurisdictional minimum")).

[38] *Id.* at *3.

8

an inmate, sued TDCJ and several of its employees in district court, alleging that they had improperly confiscated twenty postage stamps worth $5.80.[39] Sawyer's petition alleged that he was entitled to (1) $205.80 in damages for the value of his confiscated stamps and office supplies expended in maintaining his suit; (2) $ 10,000 in damages because he had suffered emotional pain and suffering, personal humiliation, mental anguish, and psychological torment and loss; and (3) $10,000 in punitive damages because the defendants "ha[d] shown reckless and callous indifference" to his rights.[40] The trial court dismissed his case for failure to meet the minimum amount in controversy requirement.[41] The *Sawyer* court found, however, that because he claimed damages in the amount of $20,205.80, the trial court had subject-matter jurisdiction over his claims.[42]

In the present case, appellant's petition states that he seeks "actual damages of not more than $1,000.00 "under the Texas Theft Liability Act. TDCJ asserts, in its brief, that the approximate value of the coffee is $4.00, and that "any other amount are [sic] proffered as a sham."[43] To the extent that TDCJ suggests that appellant's demand for "damages of

---

[39] *Sawyer v. Tex. Dep't of Criminal Justice–Inst'l Div.*, No. 01-98-00990-CV, 2002 Tex. App. LEXIS 5603, at *2 (Tex. App.–Houston [1st Dist.] 2002, pet. denied) (mem. op.) (not designated for publication). We note that this unpublished case, issued prior to the 2003 amendment to Texas Rule of Appellate Procedure 47.7, lacks precedential value. *See* TEX. R. APP. P. 47.7 cmt. ("Subdivision 47.7 is revised to clarify that, with respect to civil cases, only opinions issued prior to the 2003 amendment and affirmatively designated 'do not publish' should be considered 'unpublished' cases lacking precedential value. All opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value.").

[40] *Id.* at *6 n.3.

[41] *Id.* at *3.

[42] *Id.* at *7.

[43] We note that in its Plea to the Jurisdiction, TDCJ did not allege that the amount in controversy was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction. Rather, TDCJ pleaded only that the amount in controversy was "well below the court's jurisdictional minimum limit of $500." *See Bland*, 34 S.W.3d at 554; *Dykes v. Crausbay*, 214 S.W.3d 200, 202 (Tex. App.–Amarillo 2007, no pet.) ("[W]hen determining the amount in controversy, we look at and accept as true the monetary allegations in the petition,

not more than a $1000.00" is merely a sham, it was TDCJ's burden to prove that as a matter of law.[44]  We conclude that TDCJ failed to do so.

Taking appellant's pleadings as true, as we must, we hold that the trial court possessed subject-matter jurisdiction over his claims.[45] Because appellant's alleged failure to plead damages above the jurisdictional limits of the district court is the only ground upon which TDCJ based its plea to the jurisdiction, it can be the only basis upon which the trial court was authorized to grant the plea to the jurisdiction.[46]

We reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

_____

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 28th day of August, 2009.

---

unless the opponent expressly alleges that those allegations were proffered as a sham").

[44] *See Dykes*, 214 S.W.3d at 202.

[45] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Westbrook*, 2007 Tex. App. LEXIS, at *9-10.

[46] *See Walker*, 35 S.W.3d at 162.